UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:24-MJ-5175-MAS

UNITED STATES OF AMERICA                                                                 PLAINTIFF

V.   **MOTION TO CONTINUE TIME PERIOD REGARDING FILING OF INFORMATION OR INDICTMENT UNDER SPEEDY TRIAL ACT AND REQUEST FOR ENDS OF JUSTICE FINDING**

SERAFIN BAYONA                                                                                   DEFENDANT

\* \* \* \* \*

The United States of America, by and through undersigned counsel, and defendant Serafin Bayona, by and through Defendant's counsel, John Helmuth, jointly ask this Court to continue the time period regarding the filing of an information or indictment under the Speedy Trial Act and request an ends of justice finding for the following reasons:

1. On April 25, 2024, Defendant was charged by Complaint in this matter for violating 18 U.S.C. § 1589, 8 U.S.C. § 1324 and 18 U.S.C. § 922(g)(5).

2. The affidavit in support of the Complaint alleges that Defendant assists in the process of smuggling persons from Mexico into the United States, for a fee, with the promise of helping them to find work and housing. Once in Lexington, the affidavit alleges, the Defendant compels the labor of these individuals using various methods of force, fraud, and coercion, including the brandishing of a handgun on certain occasions. The defendant is not in the United States legally.

3. Defendant was arrested on April 29, 2024. The Speedy Trial Act of 1974, codified at 18 U.S.C. § 3161(b), requires that an information or indictment in this matter be filed on or before May 29, 2024.

4. On May 2, 2024, Defendant made an initial appearance and consented to being detained without a detention hearing. Defendant was appointed counsel.

5. The parties met to discuss the case.

6. When communicating with the defendant, a translator is required.

7. Discovery has not yet been provided, which defense counsel would like to review prior to discussing a potential resolution to this matter.

8. The parties now stipulate and jointly move to continue the date by which an information or indictment must be filed to July 28, 2024.

9. The parties agree and stipulate, and request that this Court find the following:

    a. To effectively communicate with the defendant, a translator is needed. Scheduling a translator and communicating with the defendant properly results in a delay and more time being needed to discuss the case.

    b. The ends of justice outweigh the interest of the public and Defendant in the filing of an information or indictment within the original time period prescribed by the Speedy Trial Act because:

        i. The ability to fully discuss, and for the defendant to fully understand, the case cause it to be unreasonable to expect return and filing of an indictment within the period specified in Section 3161(b).

    ii. The facts upon which the grand jury must base its determination are complex and thus, it would be unreasonable to expect return and filing of an indictment within the period specified in Section 3161(b).

    iii. Defendant, his counsel, and counsel for the United States require at least an additional 60 days, from May 29, 2024 to July 28, 2024, to consider entering into a plea agreement prior to the filing of an indictment or information.

  10. Based on the foregoing, the parties request that this Court find that, for the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161(b), within which an information or indictment must be filed, the time period of May 29, 2024 through July 28, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h) because it results from:

    a. A delay in effectively communicating with the defendant with the use of a translator and ensuring the defendant understands the complexities of the case.

    b. The ends of justice are served by granting a continuance outweigh the best interest of the public and Defendant in the filing of an information or indictment within the period specified in Section 3161(b).

    c. Failure to grant the continuance would be likely to make a continuation of the proceeding impossible or result in the miscarriage of justice.

    d. Failure to grant the continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

11. The parties agree and stipulate and request that this Court find that nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which an information or indictment must be filed.

Dated: May 7, 2024

                                            Respectfully submitted,

                                            CARLTON S. SHIER, IV
                                            UNITED STATES ATTORNEY

By:    s/ Erin Roth
        Assistant United States Attorney
        260 W. Vine Street, Suite 300
        Lexington, Kentucky 40507-1612
        (859) 685-4872
        Erin.Roth@usdoj.gov

        COUNSEL FOR SERAFIN BAYONA

By:    s/ John C. Helmuth
        John C. Helmuth, Attorney at Law
        155 East Main Street, #101
        Lexington, KY 40507
        (859) 231-1560